^•^'I^J&ÍON OF THE COURT, BY *wrfíWrÉl,’<i,: > ;.'' f.'’i'-''>YFí‘-! ■ '
Cftlí^Bo^ífí.^^.-•,' ■ "W'’£>?.<“jm ** áSÉí^s^^iv,/.'
■ •ííwPmíP^^ft^í'^ijírapass ®? ^¡jdfth(a§®|nst Williams, Stá‘ndfor-<l','iílar^)'íiáÉ-ff|S-%g ,his cldsé, ancf seiM’ife „^KiaMng-aw.ay/sunáiXof'hls'slaves.’ _ ,W5¡}g;§n;tere"d<,py the.piyinlTff^is tó ¥hé''d'éfenoStft 'Añffér- ~ " ' ill’ '' ';f_V \3 i _ _ t J _ Í3 JZi ‘L. -Í'l.! ÍJG •¿\j._'_ -■’ííZ'l'L - + ■ aneared.from the evidence that Williams,va's s,lférifF*fíáíl, ?¿''_3ii.1' -c ':. j._i:_:_j _¿ *u* ’ ■ r ,na^rn .,'j^i virtue, .of an execution issued at the ^suit'-bf dBtiíl, • ¡Jgainst.the plaintiff, upon a replevin bon'd1 for a'láfge , sprp,- seized the slaves in question, and talced them ,hfftund to the jail, where théy wereketóand treked humanely, until the 20th day after the seizure; when they ..wpre.released by, a supersedeas; and 'tffát Bell andethq otlierdefendants had gone with the sheriff;'to show property, and aid the sheriff in tak'ing'thffslsV'ehffnd carrying them off. The circumstances atteñdínhpthe . seizure .of the slaves are detailed in the evidence spféad • upon the record, but are not here necessary io b'el-sta-ted. ,
in the argument before the jury, the counsel for -the •pplajntiff insisted, in his concluding speech, that' the . sheriff, had acted improperly, in delaying'the sale • rtyventy days, and that he had no right to summon' as*sis-.'iafice, before attempting first to levy the execution .•.withqut.any, 'and being resisted. '*
The counsel for the defendants thereupon moved the courtto instruct the jury, 1st, that the retaining posses-sipn of the property twenty days, without selling it, af- • ter levying the execution thereon, and having it releas- .,- ed on the twentieth day by supersedeas, was no evidence pf- trespass on the part of the sheriff; 2dly, that the ..yjieiiff had a right to summon individuals to go with ffffyp and assist him .in levying the execution, without haying previously attempted to levy, and being ed. But the court overruled the motion, and refused to give'the instructions, on the ground that they were *134 , not"ás'k,ed jfor Bej^fe''lhe'a^!|j3iení.ióf .fte-aaijse-tOíi.íhe whicjj. V&s^atjfredj fjy a rule, oMbaffcou-rt- to ..which' tbf excepte^.',,;.,»* v*; ■' «•*..
A-feheriíPmay summon aid in exccfoting every writ oí1 execution.
Where tiio plaintiff elects to take judgment a-^_ two defend-0' ants found guilty o( the pass hcought todis’esntinue as to the one híPdoes'not1 take judg-merit.
Thejuryf fóipid ít.verdi.ét, for, $¡,7Í>;agfÜB6tB.§]], and $20 againstjWi'lliátós,,'and found the other.de/endapts not’ guiltyf who had judgment entered fo.rtheuvcRsts; and.the 'plaintiff electing .to take the better damages, hád'-jú^gnaent’rendered for him, against.Bftil,>for $¡Í75, taking any further notice ofothe verdict- against
Williams, and Bell has brought the-cass.to-th.is rA' The finjt point \ve shall, notice, is the refusaLorme circuit court to give the/;instruciions asked -for- byr.ilie counsel for the defendants in that court. There .con be no doubt,that tile ground upon which the court refused to give 'the instructions, cannot be sustained.,, Either P^ty hats a legal right to the instructions of the courtto the jury, at any time before they retire to consider .of their verdict, upon matters of law .relevant -to the P0*n^s in controversy; and it would be preposterous, to. suppose that th^, parties could be deprived of a right which the jaw gives them, by a rule of the court. The courts naajr, by their rules, regulate mere matters, of '’practice, which are in their discretion; but they capnof repeal the rules of law, or deprive the parties of the rights which are secured to them by those rules. Nor , is there any'doubi, but that ihe instructions asked for by the defendants, were in themselves proper. The mere omission of the sheriff to sell property taken by him under an execution, for any length of time, cannot make him a trespasser. Where a sheriff or other officer, by a positive act of malfeasance, abuses the aij-thoKty or license which the law gives him, he may thereby become a trespasser ah inilio; but it is a settled dtile, that for a negative abuse of such authority, he cannot become a trespasser, being in such case only guilty' of a nonfeasance, which cannot make him a trespasser ab initio. But, in this case, as the property was released on the twentieth day after the seizure of the-slaves, the sheriff could not have been guilty of even a nonfeasance, in not selling; for he was not bound to have sold before that day. There can be, therefore, no. doubt, that the court ought to have given the first in-sfruction asked for by the defendants; and of the propriety of giving the. second instruction asked for by them, there is, if possible, still less room to doubt* *135 aTíi^áljeJ'rff, it i8vsald;,liásV '^iS^s$^‘Riil^wfe/reMe¡ítSfc^í eédy'fes a:'' a 'rights! #a% ' \M M tefs btítínc .bound 'tó fMm ".«íir* ■'Re*r(:teR^'e,wW^%re?^fifafS. fl >■« W<l fKii vin'ortn1 í'kftó/^ ,;®hJéMorfrt^tñ(?réfór'¿,-%V'red'si'n not’gi vin|¡*$É»e fegs^askfed'. #r%t 'the '.’defendants.; Ás' tlíe^juágm^tít; ’' to ,f< -.. . , *7 15¡ic.. |lá^‘Í4tfer‘N. vafld the, cases the*féf c^it'ch^Ca TÍ* ’j M^siaskfe'd'> #r*bty ...._ t _._ _ in^teo'n;,thi's'grdu"nd,*Re’-reversed,I'kis only necessary to not 'strictly cot^'ectv;to|lake ;thte-. j'ticign}éh1> against one o'nl^ o'f ie'defend ánis ■who were wáís%iáft.;dohe,:the suit-will be’ considltetf^Sfp^ndüíg. agdinst' both deféndánts who Wye found gur|yi**:®f§J tfeg*se|tfáe--.is remanded," unleás,'in the mean fiché,;ynK.ds ¡phdiscbnti'núed or otherwise 'disposed of, agáuist th.e dsáS&raaWlií'Wílftáins.- '" ' "'• • "* ""f
must be reversed catufé remanded, for new proceedings tojj cb'ii'Sd'stiS'nf withlhis 'opinion.. ' ' osts/.and tlic. ’*3tSk*7,f f >,d ‡ f-l;, e’ted, «oí 11 _,in-. í'-.t. inVi'dfe